468 A.2d 1036
**Dennis G. SMITH**

v.

**FREELAND COMMUNITY ASSOCIATION, INC. et al.**

**No. 1844, Sept. Term, 1982.**

Court of Special Appeals of Maryland.

Jan. 5, 1984.

Certiorari Denied May 28, 1984.

Dennis Gerard Smith, pro se.

John W. Hessian, Towson, with whom was Peter Max Zimmerman, Towson, on brief for appellee, People's Counsel.

T. Rogers Harrison, Towson, with whom were Mudd & Harrison, Towson, on brief for other appellees.

Argued before LOWE and BISHOP, JJ., and JAMES C. MORTON, Jr. (Ret'd) Specially Assigned Judge.

BISHOP, Judge.

Dennis G. Smith, appearing *pro se,* attempts to appeal an order of the Circuit Court for Baltimore County that (1) prevented him from presenting additional evidence on an administrative appeal to the Circuit Court from the County Board of Appeals, and (2) dismissed his appeal for failure to comply with Maryland Rule B12. The appellees, Freeland Community Association, Inc., et al. and People's Counsel for Baltimore County, were protestants and intervenors in the zoning action. As we explain later in this opinion the only issue before us is the denial of the appellant's motion to strike the dismissal of the administrative appeal.

## Facts

On December 7, 1979, appellant, a contract purchaser, filed with the Baltimore County Zoning Commissioner a Petition for Special Exception for a golf course and related uses for certain property located in northern Baltimore County. On January 22, 1980, a hearing was held before the Deputy Zoning Commissioner of Baltimore County. Almost nine months later, on October 14, 1980, the Deputy Zoning

Commissioner issued an order denying appellant's petition for a special exception. On October 15, 1980, appellant filed an appeal to the County Board of Appeals; on September 10, 17 and 29, and November 17, 1981, a hearing was conducted before that board. On January 8, 1982, the County Board of Appeals affirmed the order of the Deputy Zoning Commissioner denying the petition for special exception. On February 5, 1982, appellant filed an order for appeal to the circuit court in accordance with Chapter 1100, sub-title B of the Maryland Rules of Procedure. On February 16, 1982, in accordance with Maryland Rule B2 e, appellant filed the petition to accompany the appeal. On February 24, 1982, and March 12, 1982, respondents, Freeland and People's Counsel filed answers to the petition.

On June 1, 1982, in a five page letter to the County Administrative Judge, appellant requested, in accordance with Maryland Rule B10, "the right to present additional pertinent evidence before the assigned judge...." That letter, to which supporting documents were appended, described his involvement as an undercover agent for the Federal Bureau of Investigation in producing evidence that ultimately resulted in the resignation of the former chairman of the County Board of Appeals. In the letter, appellant contended that two of the three members of the County Board of Appeals, who had heard his appeal from the Zoning Commissioner, had been closely associated with the deposed chairman and, therefore, could not have given his case a fair and impartial hearing. Appellant requested an immediate hearing on his request to produce additional evidence. On June 21, 1982, appellant filed a second request for a hearing on the issues raised in the letter, which he referred to as a motion to be permitted to present additional evidence on appeal.

On June 23, 1982, Freeland filed a motion to dismiss on the basis of the appellant's failure to comply with Maryland Rule B12, which requires that:

"Within 30 days after being notified by the clerk of the filing of the record, the appellant shall file a memorandum setting forth a concise statement of all issues raised on appeal and argument on each issue, including citations of legal authorities and references to pages of the transcript and exhibits relied on."

The motion alleged that appellant had until June 16, 1982, to file the required memorandum and that he failed to do so. The certificate of service of the motion to dismiss certified that on June 21, 1982, a copy of the motion was mailed to the appellant. Although the order dismissing the appeal is dated June 22, 1982, the day before the filing of the petition, it is clear that the judge signed the order pursuant to the motion and not *sua sponte.* On June 25, 1982, appellant filed a motion to strike the order dismissing the appeal and a response to the motion to dismiss, along with a request for a hearing. This did not toll the running of the time for appealing the order dismissing the administrative appeal. On June 28, 1982, Freeland filed a "Motion Ne Recipiatur And/or Answer to Motion to Strike Order Dismissing Appeal." In response to a request for an "Order Revising Prior Order Dismissing Appeal" the trial judge noted:

"Ct declines to sign, pending the hearing requested by Pet on his motion to strike the order dismissing his appeal 6/29/82."

On October 8, 1982, the hearing was held and the court found that the appellant's letter of June 1, 1982, did not comply with Maryland Rule B12 and refused to strike the order dismissing the appeal. The time for appealing the order dismissing the administrative appeal expired on July 22, 1982, therefore that issue is not before us.

1.

█ Although appellant argues that the court erred in ruling that he was not entitled to present additional evidence before the circuit court on his appeal to that court from the County Board of Appeals, the record indicates that

in his argument before the circuit court he attempted to have that court adopt his motion to present additional evidence as a substitute for the memorandum required under Rule B12. The circuit court refused. In addition, appellant argued that his motion to present additional evidence would have, under Maryland Rule 309 a, extended the time for complying with Rule B12. Maryland Rule 309 a provides:

> "Where a motion, demurrer, demand for particulars or exception or other pleading requiring a ruling by the court or compliance by a party is filed, the time for pleading, including a plea of limitations, and an answer to a motion for summary judgment or affidavit in support thereof, shall be enlarged, without special order, to fifteen days after compliance with the demand or disposition by the court of such motion, demurrer or exception."

It is obvious that the circuit court did not regard the letter, which is referred to by the appellant as his "motion" to present additional evidence, as a proper pleading under the rule and, therefore, Maryland Rule 309 a did not apply. The circuit court did not err in its disposition of appellant's "motion", or in its ruling that Maryland Rule 309 a was not applicable.[1]

### 2.

 Although the appellees demanded and received from the circuit court strict and precise interpretation and application of Maryland Rule B12, appellees ignore their own and the court's failure to comply with the Maryland Rules of Practice and Procedure.

Maryland Rule 321 d provides, in part:

> "The court may decide demurrers and motions . . . without a hearing unless a party requests a hearing at the

---

1. In addition, Maryland Rule B10 provides that "Additional evidence may be allowed when permitted by law."

time or within fifteen days after the demurrer, motion or reply is filed...".

Section c of Maryland Rule 321 provides that:

"A copy of a motion ... shall be served upon the party affected by such motion or his attorney of record, pursuant to Rule 306 (Service of Pleadings and Other Papers)...".

In accordance with Maryland Rule 306 c 2, appellees elected to serve the motion on the appellant by mail. As we pointed out above, appellees' certificate of service of the motion indicated that a copy had been mailed to appellant, Dennis G. Smith, on June 21, 1982; the order of dismissal was dated June 22, 1982; and the motion was filed with the clerk of the court on June 23, 1982. It is clear from this chronology that there was no compliance with Maryland Rule 308, under which the appellant would have had fifteen days to file a response, or with Maryland Rule 319, under which appellant had fifteen days after service to file an answer and a memorandum of supporting points and authorities. Based on the above chronology, appellant had probably not even received a copy of the motion before the judge signed the order of dismissal.

An order of this nature should be signed, in accordance with the rules, only after the requisite time period has expired or a timely requested hearing has been held.

■ Appellant did not file a timely appeal from the order dismissing the administrative appeal. Had he done so, we would have then found clear error since the court did not comply with Maryland Rules 308 and 319; however, that issue is not before us. The standard for our review of the refusal to grant the motion to strike is whether the court abused its discretion. When the judge heard the motion to strike, appellant had, in effect, his hearing on the motion to dismiss and, therefore, we do not find an abuse of discretion.

JUDGMENT AFFIRMED.

COSTS TO BE PAID BY APPELLANT.